# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3327
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Willie Simpson, | * |
| | *      [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted:  March 21, 1997

Filed:   June 4, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

After a jury found Willie Simpson guilty of six counts of possessing with intent to distribute and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the district court sentenced him to 48 months imprisonment and three years supervised release.  On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.

The first argument raised in the <u>Anders</u> brief is that the evidence was insufficient to support Simpson's convictions. To convict Simpson under section 841(a)(1), the government had to prove that Simpson knowingly possessed a controlled substance intending to distribute some or all of it to another person, or that he knowingly distributed a controlled substance. Government witnesses testified at trial that, on the dates alleged in the indictment counts at issue, they bought drugs from Simpson either directly or through an intermediary. A chemist testified that the purchased drugs contained cocaine base. We reject Simpson's sufficiency-of-the-evidence challenge. <u>See</u> <u>United States v. Quintanilla</u>, 25 F.3d 694 (8th Cir.) (standard of review), <u>cert. denied</u>, 115 S. Ct. 457 (1994).

Next, counsel argues the district court abused its discretion when it admitted-- under Federal Rule of Evidence 801(d)(2)(E)-- testimony from one witness that a third party had stated Simpson had the "dope" the third party was selling. We see no abuse of discretion in the admission of this statement. The government presented evidence that, at the time the statement was made, Simpson and the third party had conspired to sell controlled substances, and that the statement was made in furtherance of the conspiracy. <u>See</u> <u>United States v. Jackson</u>, 67 F.3d 1359, 1364 (8th Cir. 1995) (standard of review; statement of coconspirator identifying origin of drugs admissible under Rule 801(d)(2)(E)), <u>cert. denied</u>, 116 S. Ct. 1684 (1996).

Finally, our cases foreclose Simpson's constitutional attack on the disparity between sentences for crack-cocaine offenders and those for powder-cocaine offenders. <u>See</u> <u>United States v. Carter</u>, 91 F.3d 1196, 1198-99 (8th cir. 1996) (per curiam).

After reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.